UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:07-CV-71-F

| | | |
|---|---|---|
| DOVIE RAY JACOBS OXENDINE | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SEARS, ROEBUCK and CO., | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Summary Judgment [DE-23].

## I. STATEMENT OF THE CASE

Plaintiff Dovie Ray Jacobs Oxendine initiated this action by filing a complaint on February 12, 2007, in the North Carolina General Court of Justice, Robeson County Superior Court Division. Plaintiff alleges that she fell when the "up" escalator located in Defendant's store in Fayetteville, North Carolina, came to a sudden stop. Plaintiff alleges that Defendant Sears, Roebuck and Co. ("Sears") negligently failed to repair the defect that caused the escalator to stop after actual or constructive knowledge of its existence.

On April 30, 2007, Sears filed a Notice of Removal of this action to this court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. On June 18, 2007, United States Magistrate Judge James E. Gates signed a Scheduling Order that mandated, *inter alia*, that "motions to join additional parties and to amend pleadings must be made promptly after the information giving rise to the motion becomes known, but in no event later than 1 September 2007 by plaintiff . . . ." June 18, 2007 Scheduling Order [DE-10]. In an order filed on August 17, 2007, the Clerk of Court allowed Defendant's Motion for Extension of Time to respond to Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant,

and allowed Sears until August 29, 2007, to serve its responses on Plaintiff.

Beginning on November 13, 2007, Plaintiff filed a series of motions that sought leave to file an amended complaint naming Schindler Elevator Corporation as a defendant and the entry of a new Scheduling Order. On December 20, 2007, Sears filed a Motion for Summary Judgment. Plaintiff filed a Response on January 9, 2008, but did not address any of Sears's substantive arguments. Rather, she contended that Sears's Motion for Summary Judgment was "moot" because discovery was not complete.

The court, in an order filed on March 5, 2008, denied Plaintiff's motions seeking leave to add Schindler Elevator Corporation as a defendant, and observed that Plaintiff appeared to be seeking relief pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, but did not provide the substantive information required to receive such relief. The court also noted that the record indicated that Plaintiff already had the discovery she was seeking in her possession, and thus, to the extent that she was seeking relief pursuant to Rule 56(f), such a request was denied. Out of an abundance of caution, the court allowed Plaintiff fifteen days from the filing date of the order to file a substantive response to Sears's motion for summary judgment. The time for filing the response has since passed.

## II. STATEMENT OF THE FACTS

The facts, as presented by Sears, and in the light most favorable to Plaintiff, are as follows:

On Saturday, October 29, 2005, Plaintiff, four of her daughters, and a friend went shopping at the Sears store located in the Cross Creek Mall in Fayetteville, North Carolina ("Sears Store #1405"). While in the store, Plaintiff and one of her adult daughters wanted to go

2

up to the second floor to look at baby clothes. As Plaintiff approached the "up" escalator, it was not making any strange sounds, and appeared to be operating normally. Plaintiff boarded the escalator, and when she was about halfway to the top, the escalator gave a "hard jerk" and kept on moving, causing Plaintiff to fall. No one has been able to identify what caused the escalator to jerk.

Sears asserts that prior to Plaintiff's accident, it had no knowledge of any defect of the "up" escalator that would have caused it jerk. Sears also asserts that it had no knowledge of any pre-accident incidents in which the "up" escalator suddenly jerked while a customer was on it. Sara Walsh, the Loss Prevention Manager of Sears Store # 1405 at the time of Plaintiff's accident, averred in an affidavit that in the nine months preceding Plaintiff's accident she had no knowledge of any problem with either escalator and that no incidents were reported wherein a customer or employee complained that the escalators jerked, stopped, or were not operating safely and normally.

A Sears employee, Natasha Martin, testified that on the morning that Plaintiff fell, she was working at the jewelry counter and had a clear view of the escalators. Ms. Martin testified that on the morning that Plaintiff fell, the escalators were operating normally and she did not observe any banging noises or any other indicia that the "up" escalator was not operating correctly. Furthermore, Sears asserts that every morning before the store was opened to customers, a manager or loss prevention staff member on duty would turn on the escalators, and ride both the "up" and "down" escalators to ensure there were no noticeable problems with either escalator. If there was such a problem, the escalator was turned off until an independent contractor which services the escalators, Schindler Elevator Corporation, could send a technician

3

to repair the escalator. Ms. Walsh has averred that on October 29, 2005, the staff member testing the escalators did not observe any defect or other problem with either escalator.

Sears also asserts that it did not have exclusive control of the escalator in question. Rather, Sears contracted with Schindler Elevator Corporation to keep, service, and maintain the escalators at Sears Store #1405. Sears contends that in addition to performing necessary repairs and service to the escalators in Sears Store #14005, a Schindler Elevator Corporation technician would perform an inspection of the escalators once a month to be sure they were operating correctly. On October 28, 2005, Roy Tart, a technician with Schindler Elevator Corporation, performed the monthly inspection of the escalators in Sears Store #1405, and concluded that the "up" escalator was in good condition and no defect or maintenance problem existed.

### III. STANDARD OF REVIEW

A party moving for summary judgment must show the absence of any genuine issue of material fact, and that it is entitled to judgment as a matter of law as to any claim for which that party bears the burden of proof. *See Barwick v. Celotex Corp.,* 736 F.2d 946, 958 (4th Cir. 1984). Where the non-moving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'-- that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require the party bearing the burden of proof, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that its opponent is not entitled to prevail. If the non-moving party "fail[s] to make a sufficient showing

on an essential element of [its] case with respect to which [it] has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett*, 477 U.S. at 322, 323.

Although the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Comms. Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV. ANALYSIS

Sears contends that it is entitled to judgment as a matter of law because (1) Plaintiff has failed to present evidence that Sears created the condition of the jerking escalator, (2) Plaintiff has failed to present evidence that Sears had actual or constructive knowledge of a defect in the escalator that would have caused it to jerk, and (3) Plaintiff has failed to present sufficient evidence to invoke the doctrine of *res ipsa loquitur*.

The court agrees. There is no evidence in the record before the court tending to show that Sears created the condition of the jerking escalator. Nor is there evidence that Sears knew, or had reason to know, of any defect that caused the escalator to jerk. Moreover, the record establishes that Sears did not have exclusive control and management of the escalator, precluding the application of *res ipsa loquitur*. *See, e.g., Williams v. 100 Block Assocs., Ltd. P'ship*, 132 N.C. App. 655, 664-65, 513 S.E.2d 582, 587-88 (1999)(affirming trial court's grant of summary judgment to defendant building owner where plaintiff could not show that defective elevator was in the exclusive control of building owner because the undisputed evidence showed that building

5

owner had a maintenance contract with a company to keep, service and repair elevator).

Consequently, for the reasons stated in the "Brief in Support of Defendant's Motion for Summary Judgment" [DE-24], which the court ADOPTS and INCORPORATES herein, Sears's Motion for Summary Judgment [DE-23] is ALLOWED, and this action is DISMISSED.

## IV. CONCLUSION

For the reasons stated in the "Brief in Support of Defendant's Motion for Summary Judgment" [DE-24], which the court ADOPTS and INCORPORATES herein, Sears's Motion for Summary Judgment [DE-23] is ALLOWED, and this action is DISMISSED.

SO ORDERED.

This the 11 day of April, 2008.

JAMES C. FOX
Senior United States District Judge

6